```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Robert A. Gallagher,           :

          Plaintiff,           :   Case No. 2:15-cv-3081

     v.                        :   JUDGE MICHAEL H. WATSON
                                   Magistrate Judge Kemp
Dr. David Evans, et al.,       :

          Defendants.          :
```

REPORT AND RECOMMENDATION

Plaintiff Robert A. Gallagher, an inmate at the Richland Correctional Institution, filed this action under 42 U.S.C. §1983 alleging violations of his constitutional rights. Defendants have moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1), (5) and (6) (Doc. 9). Mr. Gallagher has also filed a motion pursuant to Rule 12 (Doc. 10) and a motion to dismiss the Defendants' motion to dismiss (Doc. 12). These motions are all ripe for consideration. For the reasons set out below, it will be recommended that the Defendants' motion to dismiss be granted and Mr. Gallagher's motions be denied.

## I. Introduction

Mr. Gallagher filed this pro se lawsuit against the Defendants raising claims about two surgeries that were performed on him at the Ohio State University Medical Center in December of 2013 while he was an inmate at Pickaway Correctional Institution ("PCI"). He alleges that on December 3, 2013, he had an operation on his stomach and some surgical gauze was left inside his stomach, which then had to be removed by another surgery ten days later. Mr. Gallagher states that more than two years after the surgeries he still has three holes in his stomach (one the size of a silver dollar that he must cover with mesh packing). He further claims that the damage from the gauze left inside his

body caused part of his intestines to be removed during the second surgery.  Mr. Gallagher says that the named Defendants, David Evans and Edd Kassofs, were the doctors who performed the operations.

This Court received Mr. Gallagher's complaint on December 14, 2015 (he signed it on December 11, 2015), and it was subsequently filed on December 17, 2015.  Dr. Evans was served on February 12, 2016 (Doc. 6).  Service has not been perfected on Edd Kassoffs.  The Defendants represent in their motion to dismiss that there is no record of a person by the name of Edd Kassofs who works or worked for OSU Medical Center so service on the individual so identified was refused. (Doc. 9 at 2).  Mr. Gallagher seeks compensatory and punitive damages, as well as a court appointed attorney to assist him in this case.  (Doc. 3 at 6).  Defendants have moved to dismiss the lawsuit based on Fed.R.Civ.P. 12(b)(1), (5), and (6).

## II.  Discussion

### A.  Plaintiff's Request for Court Appointed Counsel

The Court first acknowledges that Mr. Gallagher requested that an attorney be appointed to assist him in this litigation. While prisoners have the right to present their grievances to the courts, "the assistance of counsel and counsel's compensation in a prisoner's civil litigation is not within the scope of the fundamental right of access to the courts." Morrison v. Davis, 88 F.Supp.2d 799 (S.D. Ohio 2000).  Further, the circumstances of this case do not suggest that the Court should exercise its discretion to appoint counsel. Mars v. Hanberry, 752 F.2d 254 (6th Cir. 1985).  Accordingly, Mr. Gallagher's request for court appointed counsel will be denied.

### B.  Plaintiff's Pending Motions

On March 31, 2016, Mr. Gallagher filed a motion pursuant to Fed. R. Civ. P. 12, apparently requesting that a default judgment

be entered against the Defendants.  Mr. Gallagher bases his argument on the general requirement of a defendant to serve an answer within 21 days after being served with the summons and complaint.  Fed. R. Civ. P. 12(a)(1).  He asserts that because the Defendants failed to file an answer to his complaint within 21 days he should be entitled to judgment in his favor.  In the present case, the Defendants correctly point out that the Court ordered them to "answer or otherwise respond within forty-five (45) days after being served with a copy of the complaint and summons."  (Doc. 2).  Prior to filing an answer to a complaint, a defendant may file a motion to dismiss asserting one or more of a number of defenses to the plaintiff's claims.  Fed. R. Civ. P. 12(b).  Although service was never perfected on Dr. Kassofs, Dr. Evans was served on February 12, 2016.  The Defendants' motion to dismiss was filed on March 28, 2016, well within the Court ordered deadline.  Thus, the Court recommends that Mr. Gallagher's Rule 12 motion (Doc. 10) be denied.

    On April 18, 2016, Mr. Gallagher filed a motion to dismiss the Defendant's motion to dismiss.  Mr. Gallaher first re-asserts his argument in his previous motion about timeliness of the Defendants' answer to the complaint.  He also raises a new argument, stating that the Ohio Attorney General and Defendants' counsel conspired with mail room staff at Ohio Department of Rehabilitation and Corrections ("ODRC") institutions to withhold or delay his mail to prevent him from receiving filings in this case in a timely manner.  The Defendants point out that Mr. Gallagher has been moved between three separate ODRC institutions since filing his complaint, which may account for some delay in postal delivery.  According to the dates provided in Mr. Gallagher's motion, while there may have been a slight delay in his receipt of some items, the items were received and he was able to file documents in response.  Moreover, the Court is

unable to rely upon Mr. Gallagher's unsupported conclusory statements in respect of an alleged conspiracy between the Ohio Attorney General's office and ODRC staff.  See, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  For these reasons, the Court recommends that Mr. Gallaghers motion to dismiss (Doc. 12) be denied.

### C.  Defendants' Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) provides that the Court may, upon motion, dismiss a claim for relief asserted in any pleading for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 8(a) requires the party pleading a claim for relief to make a "short and plain statement of the claim showing that the pleader is entitled to relief."  When evaluating such a claim in the context of a Rule 12(b)(6) motion, the Court must ordinarily accept as true all of the well-pleaded factual allegations of the complaint.  However, Rule 8(a) has been interpreted to require that the pleader allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...."  Bell Atlantic v. Twombley, 550 U.S. 544, 555 (2007).  Moreover, the factual allegations themselves "must be enough to raise a right to relief above the speculative level ...."  Id.

Twombley established a test of "facial plausibility," replacing the prior standard, announced in Conley v. Gibson, 355 U.S. 41 (1957), under which a complaint was able to withstand a motion to dismiss if there were any possibility that the pleader could prove a viable claim for relief.  Expanding upon Twombley's "facial plausibility" test, the Supreme Court held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, supra at 677.  Iqbal reiterated the principle that legal conclusions,

4

couched as factual allegations, need not be accepted as true, and that the mere recital "of the elements of a cause of action, supported by mere conclusory statements," cannot save a claim from dismissal under Rule 12(b)(6). Id. at 1950. Further, Iqbal allows the reviewing court "to draw on its judicial experience and common sense" when deciding if it is plausible that the pleader can, based on the facts alleged, obtain any relief. Id. It is still true, however, that *pro se* complaints are construed liberally in favor of the pleader, even though they, too, must satisfy the "facial plausibility" standard articulated in Twombley. See Haines v. Kerner, 404 U.S. 519 (1972); Stanley v. Vining, 602 F.3d 767, 771 (6th Cir. 2010); see also Erickson v. Pardus, 551 U.S. 89 (2007). It is with these standards in mind that the instant motion will be decided.

In his complaint, Mr. Gallagher refers to the Defendants' conduct as "simple gross negligence" and in violation of his civil rights. (Doc. 3). "A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007), citing Estelle v. Gamble, 429 U.S. 97 (1976). Defendants correctly point out in their motion to dismiss that a claim for negligence is not actionable under §1983, but given Mr. Gallagher's pro se status the Court will construe this matter as a §1983 claim alleging violation of his Eighth Amendment rights.

To establish a prima facie claim under §1983, a plaintiff must satisfy two elements: (1) that defendants acted under color of state law, and (2) that defendants deprived plaintiff of a federal statutory or constitutional right. See, e.g., Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 33 (6th Cir. 1992) (per

5

curiam). Conclusory allegations are insufficient to state a claim under §1983. Rhodes v. Chapman, 452 U.S. 337 (1981). Because an Eighth Amendment medical claim must be premised on deliberate indifference to serious medical needs, mere negligence by a prison doctor or prison official with respect to medical diagnosis or treatment is not actionable under 42 U.S.C. §1983. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994).

Although the Defendants were not employees of the Ohio Department of Rehabilitation and Correction, they were arguably acting under color of state law in that they were performing the "traditional state function of operating prison" by providing medical care to inmates. Street v. Corrections Corporation of America, 102 F.3d 810, 814 (6th Cir. 1996). Officials acting under color of law can be held liable for an Eighth Amendment violation when an inmate shows (1) that he is incarcerated under conditions posing a substantial risk of serious harm; and (2) the individual whose conduct is at issue had a culpable state of mind of recklessly disregarding the inmate's health or safety. Id. In the present case, Mr. Gallagher alleges only that the Defendants left a section of surgical gauze inside his stomach after the first operation. The gauze was removed by another surgery ten days later, which Mr. Gallagher claims, caused him to suffer permanent damage.

The Eighth Amendment contains both an objective and a subjective component in determining whether a defendant acted with deliberate indifference. Wilson v. Seiter, 501 U.S. 294 (1991). The objective component requires the existence of a

6

"sufficiently serious medical need." Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004). The subjective component requires a plaintiff to show that "the official knew of and disregarded an excessive risk to inmate health or safety, which is to say the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Clark-Murphy v. Foreback, 439 F.3d 280, 286 (6th Cir. 2006), citing Farmer v. Brennan, 511 U.S. 825,837 (1994).

   For the purposes of this analysis the Court will accept that Mr. Gallagher has suffered a serious medical condition, which satisfies the objective element of the reckless indifference test. However, he has failed to satisfy the subjective prong of the test. There are no factual allegations suggesting a reckless or wanton state of mind on the part of the Defendants. The Sixth Circuit Court of Appeals considered a similar case to Mr. Gallagher's in which an Ohio prisoner underwent an open heart operation at the OSU Medical Center. The plaintiff alleged that the operation was performed in a manner that was much more extensive and intrusive than that to which he had consented, resulting in serious injury. Palmer v. Ohio State University, 47 Fed.Appx. 724 (6th Cir. 2002). Affirming the district court's dismissal for failure to state an Eighth Amendment claim, the Palmer court recognized that there may have been issues of concern with his medical treatment, but "he has at best alleged a medical malpractice claim that is not cognizable under 42 U.S.C. §1983." Id. At 726. Similarly, Mr. Gallagher has not stated a claim which amounts to an Eighth Amendment violation because his complaint contains no factual allegations that either defendant acted in reckless disregard of Mr. Gallagher's well-being. Medical mistakes occur; most of them result from negligence and

not recklessness or intentional conduct.  Consequently, the complaint fails to state a viable Eighth Amendment claim.

### III.  Recommendation

For the reasons set out above, the Court recommends that the motion for motion to dismiss (Doc. 9) be granted and that Plaintiff's motions (Doc. 10 and 12) be denied.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, an  also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp  
United States Magistrate Judge