UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert A. Gallagher,

    Plaintiff,

    v.

Dr. D. Evans, *et al.*,

    Defendants.

Case No. 2:15–cv–3081

Judge Michael H. Watson

Magistrate Judge Kemp

## OPINION AND ORDER

Plaintiff, a current inmate, brings the instant action attempting to assert what the Magistrate Judge has construed as a 42 U.S.C. § 1983 claim for violation of Plaintiff's Eighth Amendment rights. Defendants moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6), ECF No. 9. Plaintiff, proceeding *pro se*, filed a motion requesting default judgment against Defendants, ECF No. 10, and moved to dismiss Defendants' motion to dismiss. ECF No. 12.

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court grant Defendants' motion to dismiss and deny Plaintiff's motions. ECF No. 15. Thereafter, Plaintiff filed a motion in which he appeared to again request default judgment against Defendant Edd Kassofs. ECF No. 16. The Court construes this motion as an objection to the R&R.

Upon objection by a party, the district court must modify or set aside any portion of a Magistrate Judge's non-dispositive pretrial order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A finding of fact is clearly erroneous where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made. *Graff v. Havernill N. Coke Co.*, No. 1:09–cv–670, 2011 WL 1598760, at *2 (S.D. Ohio Apr. 28, 2011). A conclusion of law is contrary to law if the magistrate has misinterpreted or misapplied applicable law. *Id.*

Here, Plaintiff objects only to the Magistrate Judge's recommendation regarding Plaintiff's request for default judgment. Plaintiff had moved for default judgment against Defendants based on their alleged failure to timely answer Plaintiff's complaint. The Magistrate Judge recommended denying Plaintiff's motion with respect to all Defendants. As to Mr. Kassofs specifically, the Magistrate Judge noted that Plaintiff never perfected service on Mr. Kassofs.

In his objection, Plaintiff states that he attached to his motion for default judgment proof of service on Mr. Kassoffs. He asks the Court to "check" that proof and enter default judgment against Mr. Kassofs for failure to timely answer the complaint.

The attachments to Plaintiff's motion for default judgment show that the United States Marshals Service sent, and The Ohio State University Medical Center received, Plaintiff's service documents. ECF No. 10 at PAGEID ## 52–53. As the Magistrate Judge noted, however, service was ultimately refused

because there is no record of an individual by the name of Edd Kassofs who works or worked for The Ohio State University Medical Center. R&R 2, ECF No. 15; Summons Returned Unexecuted, ECF No. 6. The Magistrate Judge therefore did not err in denying Plaintiff's motion for default judgment against Mr. Kassofs on the ground that Plaintiff failed to perfect service.

Accordingly, the Court **OVERRULES** Plaintiff's objection, and the R&R is **ADOPTED**. Plaintiff's motions, ECF Nos. 10 & 12, are **DENIED**, and Defendants' motion to dismiss is **GRANTED**.

The clerk shall terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**